# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **MATTHEW WILLIAMS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| : | Civil Action No. |
| **v.** : | 7:06-CV-111 (HL) |
| : | |
| : | |
| **PACKAGING CORPORATION OF** : | |
| **AMERICA,** : | |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc.3). For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

**I. FACTS**

According to the Complaint, Plaintiff first began his employment with Defendant Packaging Corporation of America ("PCA") on March 17, 1970, as a wood handler. Plaintiff was subsequently promoted to the position of lead carpenter, but as a result of a renegotiated labor agreement ratified in December of 2005, Plaintiff's lead carpenter line of progression was abolished. Although Plaintiff was placed into a similar maintenance assistant position, in which he received the same wages, Plaintiff's new position does not provide an opportunity for pay increases and progression.

As a result, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 13, 2006, alleging discrimination on the basis

of race and age. Upon receiving a right to sue letter from the EEOC, Plaintiff filed a five-count complaint on November 2, 2006. Plaintiff alleges Defendant PCA discriminated against Plaintiff, in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"), when it eliminated his line of progression as lead carpenter and refused to place him in a comparable line of progression.

Plaintiff also alleges that on January 24, 2006, he was notified that the carpentry shop, in which he had worked for the past twenty-eight years, contained asbestos fibers. Plaintiff contends that his emphysema and chronic pulmonary fibrosis was caused by the prolonged exposure to asbestos fibers in the carpentry shop. Plaintiff also alleges that Defendant was aware of the contamination, but failed to investigate employee complaints. Plaintiff is seeking compensatory damages for the injury he sustained as well as punitive damages.

Defendant filed the Motion to Dismiss that is currently before the Court on February 8, 2007. Defendant argues that Plaintiff's Title VII, ADEA, and ADA claims must be dismissed because Plaintiff did not file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act. According to Defendant, the labor agreement that abolished Plaintiff's position was ratified in December of 2004, not 2005, and Plaintiff was transferred to another position on January 5, 2005. Defendant argues that Plaintiff's April 11, 2006 charge of discrimination was filed more than one year late. In the alternative, Defendant contends that Plaintiff's ADA claim must be dismissed because Plaintiff never filed a charge of discrimination based on disability discrimination.

Defendant also argues that Plaintiff's negligence claim based on asbestos exposure should be dismissed. First, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's negligence claim. Defendant contends supplemental jurisdiction cannot cover Plaintiff's negligence claim as the claim is not derived from the same facts as Plaintiff's federal claims. Second, Defendant argues Plaintiff's negligence claim must be dismissed because his exclusive remedy for a work-related injury is under Georgia's Workers Compensation Act.

**II. ANALYSIS**

A. Motion to Dismiss Standard

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974). Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). If the facts contained in the complaint would allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied. Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's claim must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

B. Plaintiff's Title VII, ADEA, and ADA Claims

Before filing a complaint in federal court under Title VII, a plaintiff must exhaust his

or her administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citing Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999)). The same applies to claims brought under the ADEA, Jones v. Dillard's, Inc., 331 F.3d 1259, 1263 (11th Cir. 2003), and claims brought under the ADA, Maynard v. Pneumatic Products Corp., 256 F.3d 1259, 1262 (11th Cir. 2001). This requires, in part, filing a timely charge of discrimination with the EEOC prior to filing a complaint in federal court. Wilkerson, 270 F.3d at 1317 (citing 42 U.S.C. § 2000e-5(b) (1994)).

In Georgia, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment decision for the EEOC charge of discrimination to be timely. Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003). Further, unless the alleged acts of discrimination have been made the subject of a timely-filed EEOC charge of discrimination, the alleged acts cannot form the basis of a claim. Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir.2000). Yet, an alleged act of discrimination, not specifically included in the EEOC complaint, may form the basis of a claim if the alleged act of discrimination "was or should have been included in a reasonable investigation of the administrative complaint." Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985).

Here, the only issue of contention between the parties concerning the timeliness of Plaintiff's charge of discrimination is the date the alleged discriminatory conduct occurred. Plaintiff contends that his April 11, 2006 charge of discrimination was timely filed because the labor agreement that abolished Plaintiff's position was ratified in December of 2005 and he was transferred to another position on January 5, 2006. In contrast, Defendant contends

that Plaintiff's charge of discrimination was over a year late as the labor agreement was actually ratified in December of 2004 and Plaintiff was transferred to another position on January 5, 2005.

Because this issue is before the Court on a Motion to Dismiss, the Court must accept the factual allegations in the Complaint as true. Therefore, despite Defendant's evidence to the contrary, the Court must accept Plaintiff's allegation— that the relevant labor agreement was ratified in December of 2005—as true and find that Plaintiff's April 11, 2006 charge of discrimination was timely filed with the EEOC. Accordingly, Defendant's Motion to Dismiss, insomuch as it seeks to have Plaintiff's Title VII, ADEA, and ADA claim dismissed for failure to file a timely charge of discrimination, is denied.

With respect to Plaintiff's ADA claim, Defendant also argues that Plaintiff has never filed a charge of discrimination alleging disability discrimination. While Plaintiff's April 11, 2006 charge does not specifically reference disability discrimination , acts of discrimination not specifically alleged in an EEOC charge can form the basis for a federal claim if the acts were or should have been included in a reasonable investigation of the EEOC charge. See Griffin, 755 F.2d at 1522. Again, because this issue is before the Court on a Motion to Dismiss, the Court cannot attempt to ascertain whether Plaintiff's disability discrimination allegations would have been included in a reasonable investigation of Plaintiff's EEOC charge. Therefore, Defendant's Motion to Dismiss, insomuch as it seeks to have Plaintiff's ADA claim dismissed for failure to exhaust administrative remedies, is denied.

C. Supplemental Jurisdiction over Plaintiff's State Law Claim

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2006). More specifically, "[t]he constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997). Thus, federal courts are only authorized to exercise supplemental jurisdiction over state law claims, which have no independent basis of federal subject matter jurisdiction, if the claims arose from the same factual scenario as a federal claim.

Here, while the Complaint alleges that subject matter jurisdiction, with respect to Plaintiff's asbestos exposure negligence claim, is based only on supplemental jurisdiction, Defendant contends Plaintiff's negligence claim and Plaintiff's various federal discrimination claims do not derive from a common nucleus of operative fact. The Court agrees. Plaintiff's discrimination claims center around a labor agreement that abolished his current line of progression, while Plaintiff's negligence claim revolves around his exposure to asbestos fibers in Defendant PCA's carpentry shop. The claims simply have no common link and do not arise from a common nucleus of operative fact. Accordingly, Plaintiff's negligence claim based on asbestos exposure is dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons explained herein, Defendant's Motion is granted in part and denied

in part. Specifically, plaintiff's negligence claim based on asbestos exposure is dismissed and Plaintiff's Title VII, ADEA, and ADA claims remain.

**SO ORDERED**, this the 18th day of May, 2007.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs