# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| MATTHEW WILLIAMS, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 7:06-CV-111 (HL) |
| | : | |
| PACKAGING CORPORATION OF AMERICA, | : | |
| Defendant. | : | |

## ORDER

Before the Court is Plaintiff's Motion for Leave to Join Third Party as Defendant (Doc. 15), in which he asks the Court for leave to amend his Complaint to add breach of contract and failure to represent claims against United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local Union (646)'s ("USW"). Four days after the time for responding to Plaintiff's Motion had expired, USW filed a Motion for Extension of Time (Doc. 19), in which it requested an additional fifteen days to respond to Plaitniff's Motion. For the reasons explained below, Plaintiff's Motion is granted and USW's Motion is denied.

## I. PLAINTIFF'S MOTION TO ADD USW

Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending pleadings and provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's

> pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a). Thus, after a responsive pleading has been served, a party may only amend the party's pleading in one of two ways. A party may ask the court for permission to file an amended complaint or a party may bypass the court by securing the written consent of the adverse party. Furthermore, when leave of court is requested, leave shall be freely given if required by justice. Despite this broad requirement, undue delay, undue prejudice to defendants, and futility of the amendment are sufficient to justify denying a motion to amend. Foman v. Davis, 371 U.S. 178, 182 (1952).

Here, it is undisputed that a responsive pleading has been served and the Court's permission is necessary for Plaintiff to amend his Complaint. Further, given that Plaintiff's request comes relatively early in these proceedings, it does not appear that Plaintiff's request is the result of undue delay or will significantly prejudice the Defendant. Furthermore, based on the facts known, it does not appear that Plaintiff's claims are futile. Accordingly, Plaintiff's Motion is granted.

**II. USW'S MOTION FOR EXTENSION OF TIME**

According to Local Rule 6.2, any requests for an extension of time to file briefs is required to be filed no later than two business days before the expiration of the deadline. Further, Rules 6 and 7 of the Federal Rules of Civil Procedure require that a request for an enlargement of time after the time period has elapsed be made in the form of a written motion and show excusable neglect. Fed. R. Civ. Pro. 6(b), 7. Excusable neglect includes both a showing of good faith by the moving

party and a reasonable basis for not filing within the time period. Clinkscale v. Chevron U.S.A, Inc., 831 F.2d 1565, 1568-69 (11th Cir. 1987) Generally, ignorance of when a time period expires, a busy schedule, lack of diligence, or carelessness will not rise to the level of excusable neglect. 1 MOORES'S FEDERAL PRACTICE, § 6.06[3][b] (Matthew Bender 3d ed.).

Here, Plaintiff filed his Motion for Leave to Join Third Party as Defendant on April 5, 2007, and any response to the Motion was due by April 30, 2007. USW filed its Motion for Extension of Time on May 4, 2007, four days after the deadline had expired. As an excuse for its failure to timely file, USW asserts the following: "due to scheduling conflicts during the week of April 23, undersigned Counsel and Plaintiff's counsel were not able to discuss the matter and an extension for filing a response until Thursday of this week." Unfortunately, as explained above a busy schedule does not rise to the level of excusable neglect. Thus, USW's Motion is denied.

### III. CONCLUSION

For the reasons explained herein, Plaintiff's Motion for Leave to Join Third Party as Defendant (Doc. 15) is granted and USW's Motion for Extension of Time (Doc. 19) is denied.

**SO ORDERED**, this the 13th day of June, 2007.

        **/s/ Hugh Lawson**
        **HUGH LAWSON, Judge**

scs